IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2003 Session

## STATE OF TENNESSEE v. ROBERT BENJAMIN BOWEN

**Appeal from the Criminal Court for Davidson County**
**No. 2002-T-257     Seth Norman, Judge**

_____

**No. M2003-00513-CCA-R3-CO - Filed January 23, 2004**

_____

Upon his plea of guilty, the Defendant was convicted of DUI.  In this appeal, he attempts to present two certified questions of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). Because we conclude that this appeal does not properly present certified questions of law, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Michael Fox, Nashville, Tennessee, for the appellant, Robert Benjamin Bowen.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Kristen Shea, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Pursuant to his plea of guilty, the Defendant was convicted of DUI.  See Tenn. Code Ann. § 55-10-401(1).  We briefly summarize the facts as presented at the Defendant's guilty plea submission hearing.  At about 2:30 in the morning on January 13, 2002, police officers were dispatched to investigate a possible automobile accident.  When they arrived at the given location, they found the Defendant behind the wheel of his vehicle, which was located on railroad tracks approximately one-fourth of a mile from the point where the railroad tracks intersected the nearest roadway.  The prosecutor stated that the vehicle had been driven down the railroad tracks and had gotten "stuck." After the officers got the Defendant out of the vehicle, they suspected him of being under the influence of alcohol and asked him to perform certain field sobriety tests, which the Defendant could not successfully perform.  He subsequently agreed to submit to a breath alcohol test, upon which he registered .21 percent.

The transcript of the guilty plea proceeding indicates that the Defendant intended to appeal certified questions of law pursuant to Rule of Criminal Procedure 37(b)(2), which provides that an appeal lies from any judgment of conviction entered pursuant to a plea of guilty or nolo contendere if

> (i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

In the record before us, the only reference to the appeal of a certified question of law contained within the judgment of conviction is the following statement found under "special conditions":

> Certified questions reserved-1) Whether, as required by elements of statute, the defendant was at the time of his arrest located at a place "generally frequented by the public at large" as intended by the statute, and if not 2) is the evidence sufficient to prove that the defendant either drove or was in physical control of motor vehicle on a public roadway while under the influence of an intoxicant.

It is apparent that this notation on the judgment of conviction does not meet the requirements for the reservation of a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). We first point out that the judgment does not reflect that the certified question was expressly reserved with the consent of the State and the trial judge. See Tenn. R. Crim. P. 37(b)(2)(i)(C). We next note that the judgment does not reflect that the Defendant, the State, and the trial judge are of the opinion that the certified questions are dispositive of the case. See Tenn. R. Crim. P. 37(b)(2)(i)(D).

In addition, we must conclude that the questions of law stated in the judgment or document do not clearly identify the scope and limits of the legal issues that the Defendant attempts to reserve. The Defendant received a preliminary hearing, and this case was bound over to the Davidson County grand jury. We surmise that the Defendant seeks to present for appellate review the question of whether the evidence presented at the preliminary hearing is sufficient as a matter of law to support a finding by a trier of fact of guilt beyond a reasonable doubt. However, while the record on appeal

contains a copy of the transcript of the preliminary hearing, the judgment of conviction entered by the trial court was based upon the Defendant's plea of guilty, along with the factual basis for the plea as presented by the prosecuting attorney at the plea submission hearing. At the preliminary hearing, the only witness to testify was the first officer who appeared at the scene of the "accident." At the plea submission hearing, however, the Assistant District Attorney stated that if the case proceeded to trial, the State would present testimony from two other named police officers, in addition to the officer who testified at the preliminary hearing. It is apparent that the record does not include all the evidence that the State intended to present at the trial of this case.

Furthermore, we do not deem the "certified questions of law" that the Defendant attempts to present in this appeal to be dispositive of this case. Even if at the time of his arrest the Defendant was not located at a place generally frequented by the public at large, and even if the evidence presented at the preliminary hearing was not sufficient to support a finding of guilt of DUI beyond a reasonable doubt, the Defendant is not entitled, as a matter of law, to have his conviction vacated.

Finally, we must observe that the "certified questions of law" set forth herein were neither presented to nor ruled upon by the trial court. The jurisdiction of this Court is appellate only. See Tenn. Code Ann. § 16-5-108(a). As this Court has stated,

> Preston requires final orders which clearly identify the scope and the limits of the legal issues in order to assure that appellate courts exercise their proper function of reviewing final judgments of trial courts. See Tenn. Code Ann. § 16-5-108(a)(1) (1994 Repl.). To present an issue on appeal which was not previously considered and ruled upon by the trial judge would enlarge the appellate court's jurisdiction and involve the court in issuing advisory opinions. Consequently, before a reviewing court can rule on a certified question of law, the final order must contain a statement of the issue as well as the positions taken by the parties in the trial court. Review is limited to those issues "passed upon by the trial judge and stated in the certified question . . . ." State v. Preston, 759 S.W.2d at 650.

State v. James Hooper, No. 03C01-9402-CR-00055, 1994 WL 612413, at *2 (Tenn. Crim. App., Knoxville, Nov. 7, 1994).

Because we conclude that the Defendant did not meet the requirements for reserving appellate review of his "certified questions of law," we dismiss this appeal.

_____
DAVID H. WELLES, JUDGE

-3-